IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

JACK REYNOLDS, Register No. 164856, )
)
               Plaintiff, )
)
               v. )   No. 09-4064-CV-C-NKL
)
DAVE DORMIRE, et al., )
)
               Defendants. )

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Jack Reynolds, while confined at Tipton Correctional Center, a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1] Named as defendants are Jefferson City Correctional Center (JCCC) Warden Dave Dormire, JCCC Corrections Officer King, two JCCC John Doe Correctional Officers and two JCCC Jane Doe Correctional Officers and Northeast Correctional Center (NECC) Correctional Officers Bommorito and Scott Adams.

Plaintiff complains that while being transported from NECC to JCCC, he was cuffed with the "black box" and that he fell into the JCCC sallyport vehicle inspection pit and suffered severe back injury. Plaintiff seeks damages and equitable relief to insure proper medical treatment.

Plaintiff has been granted provisional leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). However, pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff's claims for equitable relief regarding his medical treatment should be dismissed. "The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that plaintiff will be wronged again . . . ." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983)). Claims for equitable relief generally become moot upon a prisoner's release from custody or his transfer from the institution in which he suffered the conditions of confinement which formed the basis for his equitable claims. Green v. White, 693 F.2d 45, 46 n.1 (8th Cir. 1982); Wycoff v. Brewer, 572 F.2d 1260, 1262 (8th Cir. 1978). Plaintiff is now incarcerated at Maryville Treatment Center; thus, absent exceptional circumstances not apparent from the record, plaintiff does not suffer the immediate threat of irreparable harm and his claims for equitable relief have become moot.

Insofar as plaintiff's complaint of falling into the vehicle inspection pit, a review of his allegations suggests nothing other than inadvertence or negligence on the part of the guards.

The court notes it is well settled that negligence is not actionable under 42 U.S.C. § 1983. Negligent injury to an inmate by prison officials does not constitute a Fourteenth Amendment violation. Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Davidson v. Cannon, 474 U.S. 344, 348 (1986). It is also not an Eighth Amendment violation. "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests and safety." Whitley v. Albers, 475 U.S. 319 (1986). See also Wells v. Walker, 671 F. Supp. 624, 627 (E.D. Ark. 1987), *aff'd*, 852 F.2d 368 (8th Cir. 1988).

The fact that plaintiff uses the words "knew plaintiff at substantial risk of serious harm which was the equivalent of recklessly disregarding risk" cannot save the complaint because his allegations are clearly of no misconduct more serious than negligence.

Plaintiff's complaint should be dismissed because he has failed to state a claim under 42 U.S.C. § 1983. Plaintiff is warned that if this case is dismissed as recommended, it will count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

2

Plaintiff also requested appointment of counsel. Based on the foregoing, it is

ORDERED that plaintiff's motion for appointment of counsel is denied, without prejudice. [4] It is further

RECOMMENDED that plaintiff's claims be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 22nd day of June, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge