IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

JACK REYNOLDS, Register No. 164856, )
)
        Plaintiff, )
)
v. ) No. 09-4064-CV-C-NKL
)
DAVE DORMIRE, et al., )
)
        Defendants. )

## ORDER

On June 22, 2009, United States Magistrate Judge William A. Knox recommended dismissing plaintiff's claims. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including the exceptions filed by plaintiff on July 15, 2009. The issues raised in plaintiff's exceptions were adequately addressed in the report and recommendation. The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.

Plaintiff's allegations regarding his falling into a sallyport area pit at the prison because it was not properly covered or marked, or that someone should have been holding his elbow to help direct him away from the five-foot pit, alleges nothing more than negligence, which is not actionable under 42 U.S.C. § 1983. Plaintiff's cite to <u>Brown v. Fortner</u>, 518 F.3d 552 (8th Cir. 2008), is misplaced. In <u>Brown</u>, the plaintiff requested a seatbelt during transport and was denied. In the instant case, plaintiff did not make a request for assistance to get out of the transport van in the prison sallyport and, therefore, there can be no allegation of intentional refusal to help plaintiff out of the van.

Plaintiff's further objection that he was shackled with a black box while being transported for a medical appointment for approximately nine and one-half hours and could only awkwardly use the restroom does not support a claim under section 1983. See <u>Sheldon v. Pezley</u>, 49 F.3d 1312, 1316 (8th Cir. 1995) (although black box caused discomfort, use of black box is justified

for transport outside prison and does not violate Eighth Amendment). Plaintiff's claims do not support an allegation that he was kept in the black box maliciously or sadistically or with deliberate indifference.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $455.00 appellate filing fee, regardless of the outcome of the appeal. Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

IT IS, THEREFORE, ORDERED that the Report and Recommendation of June 22, 2009, is adopted. [15] It is further

ORDERED that plaintiff's claims are dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

*Nanette Laughrey*

NANETTE K. LAUGHREY
United States District Judge

Dated: 12-11-09
Jefferson City, Missouri